UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN KLEIN,<br><br>Defendant. | 3:21-CR-30066-RAL<br><br><br>OPINION AND ORDER GRANTING MOTION FOR REDUCTION IN SENTENCE |

On June 28, 2022, this Court sentenced Defendant John Klein to 240 months of imprisonment for conspiracy to distribute methamphetamine followed by five years of supervised release. Doc. 51. At the time of the sentencing, Klein was in Criminal History Category IV with a guideline range of 210 to 262 months. The retroactive change to § 4A1.1(e) of the United States Sentencing Commission's Guidelines Manual has the effect of placing Klein in Criminal History Category III, where his guideline range would have been 188 to 235 months.

Klein filed a Motion for Reduction in Sentence, Doc. 53, and the Federal Public Defender for North and South Dakota filed a supplement proposing a reduction to a 213-month sentence. The United States does not contest Klein's eligibility to be considered for a sentence reduction nor the proposed reduction in Klein's sentence, Doc. 59, but this Court exercises its independent judgment on whether to grant a sentence reduction and the extent of any such reduction.

In Dillon v. United States, 560 U.S. 817 (2010), the Supreme Court of the United States addressed the process for application of a retroactive guideline amendment, emphasizing that U.S.S.G. § 1B1.10 is binding. The Supreme Court required any "reduction [to] be consistent with

1

applicable policy statements issued by the Sentencing Commission" and directed district courts to follow a two-step approach. Id. at 821. In the first step, a court must determine the inmate's eligibility for a modification and then determine the amended guidelines range. Id. At step two, § 3582(c)(2) instructs courts to consider applicable 18 U.S.C. § 3553 factors to determine whether the authorized reduction is warranted in whole or in part under the specific circumstances of the case. Id. at 827. The Supreme Court also observed:

> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution.

Id. at 821 (quoting U.S.S.G. § 1B1.10(b)(2)(A)).

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise has 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while one who otherwise has 6 criminal history points or fewer receives no status points.

On August 24, 2023, the Commission decided that this change applies retroactively. The Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. See § 1B1.10(e)(2) (Nov. 1, 2023).

Consistent with the amended U.S.S.G. § 4A1.1(e) and the rules set forth in Dillon, Klein meets the criteria for such a reduction. Klein had six criminal history points without the addition

of status points. Doc. 49. Because he had fewer than seven criminal history points, no status points get added under Part A of Amendment 821 to the Sentencing Guidelines. Klein's six criminal history points put him into criminal history category III rather than IV. With his total offense level remaining at 34, his Guideline range drops to 188 to 235 months. See U.S.S.G., Ch. 5, Pt. A (Sentencing Table).

Turning to step two, § 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. 1B1.10, cmt. n.1(B)(i). "The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). Under the "Background" to U.S.S.G. § 1B1.10, "[t]he authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right." In the context of First Step Act reductions, the Eighth Circuit has ruled that "[o]nce a district court determines that a defendant is eligible for a sentence reduction, it has 'substantial discretion' to choose whether to reduce the sentence." United States v. Burnell, 2 F.4th 790, 792 (8th Cir. 2021) (citing United States v. Hoskins, 973 F.3d 918, 921 (8th Cir. 2020)); see United States v. Young, 555 F.3d 611, 614 (7th Cir. 2009).

Subject to the limits set forth in § 1B1.10(b), a court may consider all pertinent information in applying the § 3553(a) factors and determining whether and by how much to reduce a defendant's sentence. Dillion, 560 U.S. at 821–22. Section 3553(a), in addition to requiring consideration of the applicable guidelines and policy statements of the Sentencing Commission, mandates the sentencing judge to consider:

     (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

     (2) the need for the sentence imposed—

          (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

          (B) to afford adequate deterrence to criminal conduct;

          (C) to protect the public from further crimes of the defendant; and

          (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

     (3) the kinds of sentences available;

18 U.S.C. § 3553(a).

The nature and circumstances of Klein's offense were very serious and require a lengthy sentence. Klein was a manager and supervisor in a conspiracy to distribute more than 500 grams of methamphetamine in central South Dakota. Klein obtained methamphetamine in Denver and sold and distributed methamphetamine to multiple people in central South Dakota, supplying methamphetamine to many individuals on the Rosebud Indian Reservation and in the Pierre area. Klein's activities extended over several years and was his livelihood. By July of 2021, Klein was living in Pierre with Taylor Huemoeller after his previous girlfriend died apparently of a drug overdose. Klein and Huemoeller made drug runs to Denver together. A search of Huemoeller's home on July 14, 2021, yielded 301.7 grams of methamphetamine that was 99% pure. By that point, Klein had become the main supplier of methamphetamine to the Pierre area.

The history and circumstances of Klein include 2013 convictions for methamphetamine possession and domestic abuse/simple assault. Klein was raised in New York with his father and in Colorado with his mother. He moved in with a pregnant girlfriend when he was 14, subsequently married her, and has one adult daughter with her. After divorcing, Klein had another daughter who is six, but moved on to a relationship with a woman who died of an overdose and then to Taylor Huemoeller whom he married in 2021 as this case was pending. Klein obtained an online GED and has worked off-and-on in various food service and restaurant positions. His drug

4

distribution activities seemed to be the main source of income for him during the time of this conspiracy.

The remaining factors of seriousness of the offense, promotion of respect for the law, just punishment, adequate deterrence, and protection of the public justify a somewhat limited reduction from the prior sentence. The Eighth Circuit has recognized that in the context of evaluating a sentence reduction, a judge may consider post-conviction developments. See United States v. Darden, 910 F.3d 1064, 1067 (8th Cir. 2018) (opining "nothing prohibits a court from considering new facts that it had no opportunity to address the first time around"). Similarly, application note 1(B)(iii) to § 1B1.10 also directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after imposition of the [original] term of imprisonment." U.S.S.G. 1B1.10, cmt. n.1(B)(iii). The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in § 1B1.10(b).

Some courts in the Eighth Circuit have denied sentence reductions because of a defendant's disciplinary problems. See, e.g., United States v. Boyd, 835 F.3d 791, 792 (8th Cir. 2016) (affirming denial of sentence reduction where district court had cited defendant's "extensive criminal history and record of misconduct while incarcerated, which included over thirty disciplinary violations" and had "[e]mphasiz[ed] the nature and seriousness of the danger to a person or the community that may be posed by a reduction in [defendant's] term of imprisonment"); see also United States v. Harris, No. 20-3264, 2021 WL 5272693, at *2 (8th Cir. Nov. 12, 2021) (unpublished) (affirming denial of motion upon review of details of defendant's conduct, including disciplinary data); United States v. Tofiga, 807 F. App'x 597, 598 (8th Cir. 2020) (unpublished) (affirming district court grant of motion and sentence reduction to middle of new guidelines range, based in part on disciplinary infractions while incarcerated); United States

v. Rivera-Moreno, 692 F. App'x 305, 307 (8th Cir. 2017) (unpublished) (affirming denial of reduction for inmate who, though eligible for sentence reduction, had "five disciplinary reports while incarcerated, including destroying property, refusing to obey an order, and assault without serious injury").

Klein's prison records do not show any disciplinary problems. Doc. 56. Instead, Klein's prison records reflect that he has been doing coursework on a variety of subjects. Id.

Accepting that retroactive application of the recent guidelines changes places Klein in Criminal History Category III with a guidelines range of 188 to 235 months, this Court notes that the sentence the Federal Public Defender and United States Attorney recommend is essentially the midpoint of that guideline range—213 months. Ruling on these sorts of motions analytically requires a sentencing court to evaluate what the court would have done if it had calculated a lower guideline range to apply at the time of sentencing. Here this Court considers a 213-month sentence to be sufficient but not more than necessary under the § 3553(a) factors. Therefore, it is

ORDERED that Klein's Motion for Reduction in Sentence, Doc. 53, is granted to the extent that the sentence is lowered from 240 months to 213 months of incarceration. It is further

ORDERED that the Probation and Pretrial Services Office prepare an Amended Judgment in a Criminal Case reflecting sentence reduction from 240 to 213 months but making no other changes to the terms of the prior Judgment in a Criminal Case.

DATED this 2nd day of May, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

6