UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN KLEIN,<br><br>Defendant. | 3:21-CR-30066-RAL<br><br><br>OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE AND MOTION TO APPOINT COUNSEL |

Defendant John Klein seeks compassionate release based on what he believes to be an unusually long sentence, harsh prison conditions, and his efforts towards rehabilitation. Doc. 67. Klein also filed a motion to appoint counsel. Doc. 68. For the reasons explained, Klein's motion for compassionate release and motion to appoint of counsel are denied.

I.   **Factual Background**

On July 14, 2021, a grand jury indicted Klein with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). Doc. 49 at 3. Law enforcement subsequently executed an arrest warrant, arresting Klein in Pierre, South Dakota. Id. at 8. During the arrest, law enforcement seized the following items: a brick-sized package and a baggie of methamphetamine totaling 311.7 grams, a glass pipe and scale containing methamphetamine residue, four cell phones, packaging materials, and a bag of yellow, jelly-like substance. Id. at 9, 11.

On March 25, 2022, Klein pleaded guilty to the Indictment. Doc. 49 at 3. On June 28, 2022, this Court sentenced Klein to 240 months of imprisonment, followed by five years of supervised release. Doc. 51. At the time of the sentencing, Klein was in Criminal History Category IV with a guideline range of 210 to 262 months. Doc. 60 at 1. Pursuant to Part A of Amendment 821 to the Sentencing Guidelines, this Court reduced Klein's sentence to 213 months' imprisonment in May 2024. Id. On September 3, 2024, Klein filed a second motion for a sentence reduction, Doc. 62, which this Court denied, Doc. 65.

On January 1, 2025, Klein applied for compassionate release through the Bureau of Prisons (BOP). Doc. 67 at 2. The BOP denied his request. Id. Klein then filed with this Court a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Id. The Federal Public Defender of North and South Dakota, by Standing Order, has received appointment for defendants in these cases to represent defendants in such cases, but chose not to supplement the record on Klein's motion. The United States opposes the motion. Doc. 70. Klein is incarcerated at Leavenworth FCI, and his current release date is September 19, 2035. See Find an Inmate, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (Federal Register No.: 55337-509) (last visited June 12, 2025).

## II.     Legal Standard

Sentences are final judgments, and under ordinary circumstances, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); see also United States v. Olson, No. 3:19-CR-30133-RAL, 2021 WL 4478031, at *1 (D.S.D. Sept. 30, 2021). However, 18 U.S.C. § 3582(c)(1)(A) provides an exception to this general rule. Section 3582(c)(1)(A), as amended by the First Step Act, allows district courts to hear and decide motions for a reduced sentence filed by prisoners themselves, so long as the prisoner exhausted all administrative rights

to appeal the BOP's failure to file a motion on the prisoner's behalf, or after 30 days have passed from the receipt of such a request by the warden of the prisoner's facility, whichever is earlier. Klein submitted an administrative request for compassionate release to the warden of his facility. His request was denied on January 1, 2025. Doc. 67 at 2. Thus, Klein's motion is now ripe for review by this Court.

Under § 3582(c)(1)(A), a district court may grant a prisoner's motion for a reduced sentence after (1) the court finds that extraordinary and compelling reasons exist, (2) those reasons are consistent with the applicable policy statement promulgated by the United States Sentencing Commission, here § 1B1.13; and (3) an examination of the § 3553(a) sentencing factors supports a sentence reduction. § 3582(c)(1)(A)(i)–(ii).

### III. Discussion

#### A. Extraordinary and Compelling Reasons

Congress did not define "extraordinary and compelling reasons." See 28 U.S.C. § 994(t). Instead, Congress charged the Sentencing Commission with issuing general policy statements outlining the "appropriate use of . . . the sentence modification provisions set forth in section[] . . . 3582(c)," including "what should be considered extraordinary and compelling reasons for sentence reduction [and] the criteria to be applied." § 994(a)(2)(c), (t). Effective November 1, 2023, the Sentencing Commission updated the criteria for what constitutes "[e]xtraordinary and compelling reason[s]" to reduce a term of imprisonment. U.S.S.G. § 1B1.13(b). As amended, "extraordinary and compelling reasons exist under any of the following circumstances or [through] a combination thereof": (1) medical circumstances of the defendant, (2) age of the defendant, (3) family circumstances of the defendant, (4) being a victim of sexual or physical abuse while in custody, (5) other reasons with equal gravity as the aforementioned circumstances, and (6)

unusually long sentences. A "district court has broad discretion in determining whether proffered circumstances warrant" compassionate release under the First Step Act. United States v. Loggins, 966 F.3d 891, 893 (8th Cir. 2020). In his motion, Klein raises unusually long sentences, harsh prison conditions, and his rehabilitation efforts as extraordinary and compelling reasons warranting compassionate release. Doc. 67.

### 1. Unusually Long Sentences

Section 1B1.13(b)(6) details when a court may consider an "unusually long sentence" in deciding whether to grant compassionate release. Section 1B1.13(b)(6) provides:

> [i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Here, Klein has not served at least "10 years of the term of imprisonment," nor has Klein identified any change in law that would impact his sentence. Id.; see Doc. 67; see United States v. Rodriguez-Venegas, No. 4:17-CR-40106, 2024 WL 4603725, at *3 (D.S.D. Oct. 29, 2024) (denying compassionate release where prisoner had not yet served 10 years or identified a change in the law). Therefore, this Court is not authorized to reduce Klein's sentence under § 1B1.13(b)(6).

### 2. Harsh Prison Conditions

Klein also points to "harsh prison conditions" as grounds for compassionate release. Harsh prison conditions are not one of the enumerated examples of extraordinary and compelling reasons found in U.S.S.G § 1B1.13(b). However, under § 1B1.13(b)(5), the Sentencing Commission provided a catch-all provision allowing courts to find extraordinary and compelling reasons to a reduce a sentence when "[t]he defendant presents any other circumstance or combination of

circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Klein failed to identify anything more than "restrictive measures" that contribute to the alleged "harsh prison conditions." He did not identify what the alleged "restrictive measures" are. By its very nature, incarceration is restrictive. Without more, Klein fails to meet his burden of showing the alleged harsh prison conditions are "similar in gravity" to § 1B1.13(b)'s enumerated examples of extraordinary and compelling reasons. See United States v. Smith, No. 24-11460, 2025 WL 900016, at *3 (11th Cir. Mar. 24, 2025); see also United States v. Vest, 754 F. Supp.3d 829, 838 (W.D. Mo. 2024).

### 3. Rehabilitation

Section 1B1.13(d) provides,

> rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

This Court finds Klein's rehabilitation efforts commendable, but this Court is not authorized to modify the sentence based on rehabilitation alone. See United States v. Vega, No. CR 03-40081, 2016 WL 6270724, at *3 (D.S.D. Oct. 26, 2016).

### B. Section 3553(a) Sentencing Factors

Although a court need not consider the § 3553(a) factors when there are no extraordinary or compelling reasons to reduce a sentence, United States v. Brown, No. 4:18-CR-40138–LLP, 2023 U.S. Dist. Lexis 83723, at *12 (D.S.D. May 9, 2023), a review of the § 3553(a) factors weigh against granting compassionate release to Klein. The § 3553(a) sentencing factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

5

>   (2) the need for the sentence imposed--
>       (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>       (B) to afford adequate deterrence to criminal conduct;
>       (C) to protect the public from further crimes of the defendant; and
>       (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>   (3) the kinds of sentences available;
>   (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the [Sentencing Commission] guidelines . . . .
>   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]

18 U.S.C. § 3553(a). These factors inform the Court's duty to ensure the sentence imposed is "'sufficient, but not greater than necessary,' to comply with the sentencing purposes set forth in § 3553(a)[]." Pepper v. United States, 562 U.S. 476, 491 (2011).

The nature and circumstances of the offense weigh against granting Klein compassionate release. Klein was involved with transporting pounds of methamphetamine to South Dakota from Colorado and distributing methamphetamine throughout South Dakota. Doc 49 at 4-12. He was involved in a conspiracy to distribute methamphetamine in South Dakota beginning no later than January 1, 2017, and continuing until his arrest in July 2021. Id. at 3-4. When law enforcement executed the arrest warrant, it took several attempts for Klein to exit the residence. Id. at 8. Klein started to flush methamphetamine down the toilet when law enforcement knocked at the door. Id. at 11. Klein was also known to carry a Glock and a hunting knife on his person and possessed a .22-caliber pistol. Id. at 6, 8. Klein supplied multiple people throughout central South Dakota with methamphetamine during those years. Id. at 4-12.

Klein's personal history and characteristics do not weigh in favor of granting compassionate release. Klein did not have an ideal upbringing. His parents separated when he was young, moved frequently and remarried multiple times to different partners and left Klein

traveling back and forth to live with them. Id. Klein's first marriage was with Jennifer (Huck) Klein; they were married for 3 years and had a daughter together, Alexa Klein. Id. at 21. Klein does not have a strong relationship with either Jennifer or Alexa. Id. Klein then married Amanda (Flyte) Klein, who was the victim of his domestic violence charge in 2003. Id. Amanda is now remarried, but she is still friends with Klein. Id. Klein then began a relationship with Tiffany Peterson, but they never married. Id. Klein and Peterson had a daughter together, Kathy Klein, age 6, but he does not appear to have a relationship with either of them. Id. Christina Zehr was Klein's next relationship, and they were "two peas in a pod[,]" but Zehr died of an overdose. Id. Klein then married Taylor Huemoeller, who was convicted of Conspiracy to Distribute a Controlled Substance, as a result of her involvement with Klein's drug distribution activities. Id. at 8, 21.

Klein has a lengthy and serious criminal history with prior convictions for domestic violence, permit or threatening or harassing telephone calls, domestic abuse—simple assault, and manufacture/distribute/possess drugs schedule I or II. Id. at 16-18. Klein pleaded guilty to domestic violence in 2003. Id. at 16. In 2013, Klein pleaded guilty to permit or threatening or harassing telephone calls when he "sent text messages to a minor with the intent to terrorize, intimidate, threaten, harass, or annoy the minor by using obscene or lewd language, or by suggesting a lewd or lascivious act." Id. at 17. Klein also pleaded guilty to domestic abuse in 2013 for choking a woman. Id. Klein pleaded guilty to manufacture/distribute/possess drugs schedule I or II when he was found in possession of "pipes methamphetamine, marijuana, a Hi Point .380-caliber handgun without a permit, and a Hi Point 9mm handgun without a permit." Id. at 18. This Court must also consider the need for the sentence to reflect punishment, deterrence,

and protection of the public from further crimes of the defendant. Given Klein's history of violence, he poses some danger to the community.

A sentencing judge must also consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment. § 3553(a)(2)(A)–(C). Considering these factors, Klein's 213-month sentence remains appropriate. After thoroughly reviewing the record of this case in light of the remaining § 3553(a) factors, including the kinds of sentences available, the need to avoid unwarranted sentencing disparities, and the need to provide educational, vocational, or correctional treatment most effectively, this Court concludes that the § 3553(a) factors do not support compassionate release.

### C. Motion to Appoint Counsel

Because this Court denies the motion for compassionate release, the motion to appoint counsel is denied as moot.

### IV. Conclusion

Therefore, it is

ORDERED that Klein's motion for compassionate release, Doc. 67, is denied. It is further,

ORDERED that Klein's motion to appoint counsel, Doc. 68, is denied.

DATED this 11th day of July, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE